```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ABDULLAH K.S.M. EL'AMIN BEY     :     CIVIL ACTION
                                :
     v.                         :
                                :
SEPTA TRANSPORTATION CO.,       :
et al.                          :     NO. 11-4418
```

MEMORANDUM

Bartle, J.                                                August 25, 2011

      Plaintiff Abdullah K.S.M. El'Amin Bey ("Bey") brings this action for violation of his civil rights against the Southeastern Pennsylvania Transportation Authority, the Pennsylvania Unemployment Compensation Board of Review, and the United States Department of Labor.  Bey has not yet filed a complaint.

      On July 11, 2011, Bey filed a petition to proceed in forma pauperis showing that he and his spouse have a combined monthly income of $4,894.  This figure included $3,792 in retirement benefits to Bey and his spouse.  It also included $1,102 in unemployment payments made to Bey.  As assets, Bey listed a house valued at $150,000 and a checking account of $500.  His petition was denied by reason of his ability to pay the filing fee.

      On August 12, 2011, Bey filed the instant motion for appointment of counsel as provided for in 42 U.S.C. § 2000e-5(f).

Under that statute, a court must consider the following factors when determining whether to appoint counsel:  "(1) the ability of the plaintiff to afford an attorney; (2) the merits of the plaintiff's case; (3) the efforts made by the plaintiff to secure counsel; and (4) the capacity of the plaintiff to present the case adequately without aid of counsel."  <u>Poindexter v. Federal Bureau of Investigation</u>, 737 F.2d 1173, 1185 (D.C. Cir. 1984); <u>see also</u> <u>Mentor v. Hillside Bd. of Educ.</u>, No. 09-3637, 2011 WL 1957698, at *2 (3d Cir. May 23, 2011).

In support of his motion, Bey has submitted an unsigned affidavit listing his total household income as zero.  He also states that he has no assets of any kind.  Bey offers no explanation as to why, only a month after the filing of his previous petition to proceed in forma pauperis, all of his household income has vanished.  While unemployment compensation is by its nature temporary, it is unclear why both Bey and his spouse would cease to receive retirement benefits.  Bey no longer reports owning a home or any bank account.  This is despite the fact that, in his earlier petition, Bey stated that he did not expect any major changes to his income or assets in the next twelve months.  Furthmore, Bey has neglected to include information regarding his spouse's past employment which he included in his first application and now reports no expenses of any kind.  Where did all the money go?  These sudden and

unexplained changes in his financial situation render his application incredible on its face.

Bey, as noted, has not yet filed a complaint in this court.  As a result, it is impossible to determine whether his claims are meritorious.  As to the third factor, Bey has not made any effort to retain a private attorney and has failed to contact a legal services organization, which exist to assist low income plaintiffs.  See Spurio v. Choice Sec. Sys., Inc., 880 F. Supp. 402, 403 (E.D. Pa. 1995).

As to the final factor, it is unclear at this stage of the proceedings whether Bey can pursue his claims without assistance of counsel.  While it appears he has no prior legal experience, we note that he has completed high school.  Because Bey has not demonstrated that he cannot afford an attorney, that he has a meritorious claim, or that he has made any effort to seek representation, the Poindexter factors weigh against appointment of counsel.[1]

Accordingly, the motion of Bey for appointment of counsel will be denied.

---

1. Because Bey is not eligible to proceed in forma pauperis, he also cannot seek appointment of counsel under 28 U.S.C. § 1915(e)(1).  See Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993).